**UNITED STATES**

v.

**Ronald J. MAHLOCH, Subsistence Specialist Second Class, U.S. Coast Guard.**

**CGCM 0023.
Docket No. 927.**

U.S. Coast Guard Court of Military Review.

21 Feb. 1990.

Trial Counsel: LCDR Michael J. Devine, USCG.

Defense Counsel: LT Michael F. Moriarty, USCG.

Assistant Defense Counsel: LT Mark R. B. Stewart, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Appellate Government Counsel: CDR Richard T. Buckingham, USCG.

Before Panel Two, BAUM, BARRY and GRACE, Appellate Military Judges.

GRACE, Judge:

Appellant was convicted pursuant to his pleas of 15 specifications of making false official statements, 11 specifications of larceny, one specification of dereliction of duty and seven specifications of submitting false claims in violation of Articles 107, 121, 92 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 892, 932.

The Court, sitting as judge alone, sentenced the appellant to be confined for nine months, reduced to pay grade E–3 and discharged from the service with a Bad Conduct Discharge. The Convening Authority approved the sentence and ordered it executed (with the exception of the BCD). The execution of that part of the sentence adjudging confinement in excess of three months was suspended for six months in accordance with a pretrial agreement.

Before this Court, the appellant originally submitted two assignments of error. During oral argument appellant raised an additional error related to his first assigned error. He was given leave to file a supplemental brief fully discussing this additional assignment of error and the government filed an opposing brief. The additional assignment of error was designated "Assignment of Error III." Since Assignments I and III are related, they will be discussed first in that order.

*Assignment of Error I*

APPELLANT WAS DENIED A FAIR TRIAL WHERE THE MILITARY JUDGE IN THIS CASE WAS NOT IMPARTIAL AS A RESULT OF WRITING THE OFFICER EVALUATION REPORT OF THE INDIVIDUAL THE MILITARY JUDGE PERSONALLY SELECTED TO SUBSTITUTE FOR HIM IN MILITARY JUSTICE MATTERS WHILE REMAINING THE CONVENING AUTHORITY'S DISTRICT LEGAL OFFICER DURING THE PERIOD IN WHICH THE SUBSTITUTE OFFICER RECOMMENDED TO THE CONVENING AUTHORITY THAT APPELLANT BE BROUGHT TO TRIAL AT GENERAL COURT-MARTIAL

At the onset of the trial on 23 August 1988, the military judge, *sua sponte*, disclosed that the trial counsel, Lieutenant Commander Devine, had worked for him, that they had both been transferred during the summer, and that he had written Lieutenant Commander Devine's most recent Officer Evaluation Report (OER). He further disclosed that he had transferred his military justice functions as Staff Judge Advocate (SJA) to Commander John Unzicker.

During *voir dire* of the military judge by the defense counsel, the following additional facts were developed. Before this case arose, Captain Snook was serving as the District Legal Officer (SJA) to the Eighth District Commander (who eventually became the Convening Authority in this case). Upon learning of his pending new assignment as Chief Trial Judge for the Coast Guard in April 1988, he disassociated himself from any military justice matters. As stated previously, he transferred all of his staff judge advocate functions in military justice to Commander Unzicker, a subordinate attorney on his staff at the Eighth District legal office. Prior to his being detailed as the military judge, Captain Snook had nothing to do with this case. He did not draft or sign the SJA's Article 34, UCMJ, 10 U.S.C. § 834, advice nor did he discuss the case with anyone. He played no part in drafting the charges, provided no assistance to the trial counsel and, in fact, never saw the charges until after his transfer in late June 1988. He did not assign trial counsel. He had no conversations with anyone on the Eighth District staff concerning this case. Because he knew that he might eventually be called upon to judge this case, he was particularly circumspect to avoid any involvement with it. He provided no advice to the convening authority. The record is clear that Commander Unzicker, not Captain Snook, was the staff judge advocate in this case.

The military judge was open in his attempt to disclose any possible ground for his disqualification. However, he did not disclose on the record that he had written Commander Unzicker's final OER for the period ending with the military judge's

transfer. His failure to specifically state that he wrote the OER on Commander Unzicker may be attributed to an oversight on his part. As Commander Unzicker's superior, he would normally write the OER. There is no suggestion that he was purposely hiding that information from the defense.

We begin our analysis of this argument by examining it in two aspects: whether the military judge's impartiality was affected by his writing an OER on the SJA who wrote the Article 34 pretrial advice, and whether the failure by the defense counsel to challenge the military judge waives the issue.

We will first address the issue of waiver. From the information disclosed by the military judge it should have been obvious to the defense counsel that the military judge would normally be writing an OER on Commander Unzicker for his performance as the assistant in the legal office which Captain Snook ran before being transferred. Unfortunately, the defense counsel asked no questions of the military judge concerning his relationship to Commander Unzicker or the writing of his OER. The defense knew that Commander Unzicker was Captain Snook's subordinate and, despite full knowledge that Captain Snook had taken steps to insulate himself from military justice matters, failed to explore whether Captain Snook continued to evaluate Commander Unzicker for the performance of these or other functions. It may be that the defense chose not to explore this issue because it did not perceive this to be a problem and therefore waived the issue on appeal. We do not have to decide this issue now. There are other grounds for rejecting the appellant's first assignment of error.

There are two ways that Captain Snook's writing of Commander Unzicker's OER could have unfairly impacted on the appellant's trial raised by appellant's Assignment of Error I. The first would have been through the Article 34 pretrial advice.

As soon as the military judge became aware of his new assignment he immediately removed himself from any further duties having to do with military justice in the Eighth District; Commander Unzicker took over all of those duties. Commander Unzicker drafted (or caused to be drafted) and signed the Article 34 pretrial advice to the convening authority. The military judge took no part in the drafting of the pretrial advice and there is no suggestion that the military judge in any way tried to influence the outcome of the pretrial advice or the decision of the convening authority to convene a general court-martial.

We can find no evidence or inference that the fact that the Military Judge wrote Commander Unzicker's OER had any impact on the pretrial advice signed by Commander Unzicker, the decision of the convening authority to convene a general court-martial, or the outcome of the trial. The Article 34 advice was not challenged during the trial and there has been no suggestion that it was improper or legally deficient.

The other possible prejudice to the appellant suggested by his assignment of error would have been if the military judge was not fair or impartial. After our careful review of the whole record, we find that the military judge took particular care to be fair and impartial. For instance, he made a very favorable ruling for the defense in a difficult area of military law— multiplicity. By applying the option discussed in our opinion in *U.S. v. Howard*, 24 M.J. 897 (C.G.C.M.R.1987), most favorable to the appellant, the military judge merged all the specifications under each charge for sentencing purposes. This was done in the face of stiff Government opposition. Having concluded that the military judge was fair and impartial throughout the trial, that the Article 34 advice was not influenced by Captain Snook's OER on Commander Unzicker, and that there was no challenge to the pretrial advice signed by Commander Unzicker; we reject the appellant's first assignment of error.

### Assignment of Error III

AS A RESULT OF THE RELATIONSHIP BETWEEN THE CONVENING AUTHORITY AND THE MILITARY JUDGE THAT VIOLATED THE STRIC-

TURES OF ARTICLE 26(c) UCMJ, 10 U.S.C. § 826(c), AND RCM 902(a), APPELLANT WAS DENIED A FAIR TRIAL

The appellant has cited *U.S. v. Moorehead*, 20 U.S.C.M.A. 574, 44 C.M.R. 4 (1971) and *U.S. v. Beckermann*, 27 M.J. 334 (CMA 1989) in support of his argument. This leads us to believe he is making a jurisdictional argument. Both *Moorehead* and *Beckermann* were decided on the basis that Article 26(c), UCMJ, imposes a jurisdictional requirement that a general court-martial judge be in a separate assignment category wherein the primary duty is service as a military judge in general courts-martial, and that he or she be answerable directly to the Judge Advocate General or his designee for that performance as a military judge. That is not the issue in this case. There is no question that Captain Snook's primary duty was as a full time military judge. No one disputes that the military judge was filling the Coast Guard's Chief Trial Judge billet and that he was working directly for the Chief Counsel. Furthermore, as of July 1, 1988, only the Chief Counsel was preparing or reviewing any OER relating to his performance of duty as a military judge.

Captain Snook was detached from duty as the legal officer to the Eighth District Commander on June 30, 1988, and assumed the duties of the Chief Trial Judge of the Coast Guard. He submitted his final OER to the Chief of Staff of the Eighth Coast Guard District on July 3, 1988. Trial commenced on August 23, 1988. His OER was completed and signed on May 7, 1989. Rear Admiral Henn, the Chief of Staff, signed the OER as the supervisor and reporting officer of Captain Snook. The Eighth District Commander (the convening authority) signed the OER as the reviewing officer with no comments.

■ The real issue revolves around this OER relating to his performance of duty prior to his assignment as a military judge. Article 26(c), UCMJ, states, *inter alia*, "... neither the convening authority nor any member of his staff shall prepare or review any report concerning the effective-ness, fitness, or efficiency of the military judge so detailed, which relates to his performance of duty as a military judge." Admittedly, a member of the convening authority's staff wrote, and the convening authority reviewed, an OER on the military judge. However, that OER covered the period that Captain Snook served as the legal officer to the Eighth District Commander and ended with his detachment and transfer to his new duties as the full time Chief Trial Judge of the Coast Guard in late June 1988. Article 26(c) was not violated since the District Commander did not review Captain Snook's performance for a period during which he was serving as a military judge and no mention was made of his judging duties, or of this case, in his OER.

Since Article 26(c) was not violated, we must address the question whether the military judge's impartiality can reasonably be questioned. Rule for Courts–Martial 902(a) states "a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

■ The appellant admits that the OER in question covered a period which ended approximately 50 days before the trial in this case began, but submits that there may have been some subtle pressure on the military judge due to his knowledge that the OER had not been finalized prior to this trial. There is no indication from the record that the military judge felt such pressure. He made no statement to that effect nor does any action taken by the military judge show that he was influenced improperly by his knowledge that his OER was still outstanding. The OER was for a period that ended before he began his judging duties. The UCMJ, in Article 26, specifically prohibits the convening authority from rating him on his duties as a military judge. Article 26(c) is a shield protecting a military judge from having a convening authority comment adversely on the performance of a military judge in a case which he has convened. That same article can become a sword in the defense of the military judge's career. If the convening authority, after the case was tried, had

commented adversely on Captain Snook's performance as a trial judge, Captain Snook had both legal and administrative remedies available. Citing a violation of Article 26(c), he could petition to have his record (OER) corrected before the Board for the Correction of Military Records or even file a complaint against the convening authority under Article 138, UCMJ, 10 U.S.C. § 938.

With these remedies available to him, there is no reason to suspect or infer that the military judge was not impartial in his handling of this case. The opposite is true. As we stated earlier, the record reveals that the Military Judge's treatment of the case was scrupulously unbiased and impartial.

### *Assignment of Error II*

APPELLANT'S SENTENCE IS DISPROPORTIONATELY SEVERE IN THE CASE AT BAR

The sentence adjudged by the military judge was well below the maximum allowed. After a careful review of the entire record, we are convinced that it was appropriate for both the offenses and the accused. Thereafter, the convening authority reduced it further in accordance with the pretrial agreement. Under the circumstances, the approved sentence is appropriate and should be approved; accordingly, the findings and sentence as approved below, are affirmed.

Chief Judge BAUM and Judge BARRY concur.